# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BRENT LANGLEY, * | |
| * | No. 17-837V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: September 7, 2023 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Catherine E. Stolar, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Brent Langley's motion for final attorneys' fees and costs. He is awarded $72,986.65.

\* \* \*

On June 21, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the tetanus vaccination he received on August 1, 2014, caused him to suffer an encephalopathy. Once respondent contested entitlement, the parties retained medical experts, with petitioner retaining Dr. Lawrence Steinman and Dr. Tracey Marks and respondent retaining Dr. Elizabeth LaRusso and Dr. Robert Naismith. After the experts submitted their reports, the undersigned was concerned about the viability of petitioner's case. Order, issued Jan. 22, 2021. Following the submission of briefs by the parties, the undersigned issued his decision denying compensation and dismissing the petition on March 3, 2022. 2022 WL 897959.

On August 25, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $49,679.00 and attorneys' costs of $38,773.85 for a total request of $88,452.85. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On August 16, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel: for Ms. Bridget McCullough: $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, and $300.00 per hour for work performed in 2022; and for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for their Vaccine Program work. See, e.g. Wiltse v. Sec'y of Health & Human Servs., No. 19-1273V, 2022 WL 854904 (Fed. Cl. Spec. Mstr. Feb. 25, 2022); Rutherford v. Sec'y of Health & Human Servs., No. 18-487V, 2020 WL 6582178, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2020). Accordingly, the requested hourly rates are reasonable for most of the work.

3

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable mostly. However, a minor amount of time was billed for administrative tasks such as filing medical records by paralegals and attorneys billing time to direct the filing of those records. See <u>Guerrero v Sec'y of Health & Human Servs.</u>, No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), <u>mot. for rev. den'd in relevant part and granted in non-relevant part</u>, 124 Fed. Cl. 153, 160 (2015), <u>app. dismissed</u>, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned shall reduce the final award by $386.50 to address this issue, which results in an award of $49,292.50.

The more significant issue is the continuation of the case after the January 21, 2021 status conference. In that status conference, the undersigned advised that petitioner's case did not make sense and continuing the case was doubtful. See Vaccine Rule 5. However, petitioner incurred additional attorneys' fees (amounting to over $12,000) to advance a case with weak evidentiary support. Compensating petitioner for the full value of this effort would encourage other petitioners to act in a way that increases the costs of litigation and that forces the consumption of scarce judicial resources. To balance these concerns, $5,000 is eliminated from the award.

A reasonable amount of attorneys' fees, therefore, is $44,292.50.

C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $38,773.85 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and expert costs.

First petitioner requests $12,125.00 for the work of Dr. Lawrence Steinman, representing 24.25 hours billed at $500.00 per hour. Fees App. at 28. Dr. Steinman's hourly rate is consistent with what he has been awarded for his Vaccine Program work, but his billed hours must be reduced. First, Dr. Steinman has billed

4

several hours without describing what work he was performing (billing entries on July 5-8 totaling 12.5 hours). Second, as the undersigned noted in his Decision denying entitlement, Dr. Steinman's first report was lacking in describing the relationship between petitioner's two alleged conditions (encephalopathy and generalized anxiety order) such that the undersigned had to order a supplemental report from Dr. Steinman, in turn necessitating the billing of more hours which could have been avoided had Dr. Steinman's initial report been sufficient. On the whole, the undersigned finds it reasonable to reduce Dr. Steinman's billed hours by 25 percent. Therefore, a reasonable amount for his work in this case is $9,093.75.

Next, petitioner requests $18,460.95 for the work of Dr. Tracey Marks, a psychiatrist. This represents 46 hours of work billed at $425.00 per hour, 1.5 hours of work billed at $450.00 per hour, and the purchase of medical literature for $35.95. The undersigned notes that the use of a psychiatrist as an expert in the Vaccine Program is quite rare, with little evidence as to what a reasonable rate might be. In one case, petitioner requested that her expert psychiatrist be compensated at $500.00 per hour – this was reduced to $300.00 per hour, largely based on the poor quality of the work and for offering testimony which opined outside of her area of expertise. J.M. v. Sec'y of Health & Human Servs., No. 02-10V, 2018 WL 1514433, at *17-18 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). In another case, the undersigned reimbursed a board-certified psychiatrist $200.00 who provided a letter explaining some of petitioner's health problems. Kozel v. Sec'y of Health & Human Servs., No. 14-797V, 2018 WL 2031034, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2018). However, this was billed as a flat fee rather than an hourly rate. Petitioner has also not offered any evidence to suggest that Dr. Marks' requested hourly rates are reasonable for a psychiatrist or for the work performed in the instant case.

On review, the undersigned finds that $350.00 per hour is a reasonable rate for Dr. Marks' time in this case. Although Dr. Marks was careful not to opinion outside of her area of expertise regarding the diagnosis of an encephalopathy, this ultimately meant that her reports were of limited use to petitioner, as his case turned on whether he suffered an encephalopathy. While Dr. Marks is qualified to offer an opinion on whether petitioner suffered an acute adjustment disorder, petitioner ultimately declined to develop any argument regarding that in his briefs. The undersigned also finds that Dr. Marks' billing entries are vague, referencing only record review without any indication of what records were actually being revied and "preparing report" without any indication of what part of the report was being drafted. Fees App. at 26, 33. Because of this, the undersigned finds a 10

percent reduction of Dr. Marks' billed hours is appropriate. Therefore, a reasonable award for Dr. Marks' work is $14,962.50.

Petitioner also requests $2,625.00 for the work of Dr. Peter Kaplan, a neurologist, representing 7 hours billed at $375.00 per hour, as well as $1,750.00 paid to Elite Medical Experts to match Dr. Kaplan with petitioner's counsel. Fees App. at 25. Dr. Kaplan ultimately was not retained by petitioner and no work product was submitted. However, his hours billed appear reasonable and the undersigned is satisfied that $375.00 is a reasonable hourly rate for a neurologist (perhaps even below what is typically awarded in the Vaccine Program). Therefore $2,625.00 shall be awarded as reimbursement for his work.

The finders fee from Elite Medical Experts, however, does not appear to have been reasonably incurred. Irrespective of the fact that the matchmaking was ultimately unsuccessful, the undersigned questions why it was necessary in the first place to retain such a service. The law firm petitioner's counsel works for is well-known in the Vaccine Program and has overseen hundreds of cases and is no doubt familiar with several neurologists. Indeed, petitioner ultimately retained Dr. Steinman, a neurologist whose work is very familiar in the Vaccine Program. Ultimately, it is unclear why counsel needed to pay a finder's fee for a neurological expert. Therefore, this cost of $1,750.00 shall not be reimbursed.

The remainder of the costs (acquiring medical records, postage, and the filing fee) are routine, supported with documentation, and reasonable in the undersigned's experience, and they shall be fully awarded.

Petitioner is therefore awarded final attorneys' costs of $28,694.15.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$72,986.65** (representing $44,292.50 in attorneys' fees and $28,694.15 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Bridget McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.